IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN G. BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>EARTH SOUND, INC., a Nebraska Corporation; KENNY ENERGY, L.L.C., a Nebraska Limited Liability Company; and JAMES KENNY,<br><br>    Defendants. | 4:12CV3001<br><br>MEMORANDUM AND ORDER |

  Pending before the court is the defendants' request for attorney fees on their motion to compel. The defendants filed their motion to compel on January 16, 2013, (Filing No. 52), seeking responses to written discovery served on November 16, 2012.

  A status conference was held on January 8, 2013. During that conference, plaintiff's counsel stated the plaintiff would be responding to the discovery, and immediately after the conference, advised defense counsel that the responses would be served within a week. (Filing No. 63, ¶ 4). Defense counsel states he did not speak with plaintiff's counsel between January 8 and January 16, 2013, the date the motion to compel was filed. (Filing No. 54-1, ¶ 6). Plaintiff's counsel states he spoke to defense counsel on January 16 or 17 to say the materials would be served within a week. (Filing No. 63, ¶ 7).

  The plaintiff's discovery responses were delivered to defense counsel's office on January 21, 2013. (Filing No. 8). Plaintiff's counsel explains:

> I believed that after full deliver[y] of all items that the matter was concluded and did not realize that we needed to respond to the Motion to Compel given that we had at that point fully complied with the discovery requests thereby satisfying the Motion and making the matter moot.

(Filing No. 63, ¶ 13).

But nothing was filed with the court, including a certificate of service, to indicate the discovery was served, and the plaintiff did not respond to the motion to compel. Accordingly, the court found, "The motion to compel is deemed unopposed. The plaintiff's failure to comply with discovery or respond to the defendants' motion to compel is not substantially justified." Defense counsel was ordered to serve Plaintiff's counsel with an itemized listing of the costs and attorney fees the defendants incurred in filing the motion to compel. Defense counsel responded with the following information:

**ATTORNEY FEES ($1,482.00)**

| Date | Attorney | Item | Time | Amount |
|---|---|---|---|---|
| 1/16/2013 | Jerry Pigsley ($260.00/hr.) | Preparation and filing of motion to compel, affidavit, brief in support, and evidence index | 5.7 hrs. | $1,482.00 |

(Filing No. 58-1). The court questions whether the description above should be considered an "itemized" listing of fees and expenses.

By email to the court and opposing counsel, plaintiff's counsel argues the amount requested is unreasonable, explaining:

> [W]ith all due respect to Mr. Pigsley, we were stunned to try to understand how it would take someone with Mr. Pigsley's skills and experience 5.7 hours to file what appears to be a stock motion to compel (when there were no individual issues or complex legal questions to address in the motion to compel). Admittedly, I have no experience with requesting attorneys' fees or moving for sanctions when discovery has already been served, albeit late (for which we, again, apologize), 5.7 hours for such a filing seems more than a bit excessive.

The text of the defendants' motion and brief, combined, is less than five pages long. The defendants did not, and were not required to argue the merits of specific discovery requests. Instead, their motion was based on plaintiff's complete failure to respond to the discovery. As such, the accompanying affidavit was only two pages long, with a copy of the unanswered production requests attached.

The court does not dispute that defense counsel spent 5.7 hours preparing the motion to compel, but it is not convinced all this time should be assessed against the plaintiff. Rather, the court will award two hours at $250.00 per hour, for a total of $500.00 to the defendants as attorney fees for filing the motion to compel.

The court takes this opportunity to raise one additional practice point. This court does not always award fees if a non-moving party produces discovery in response to a motion to compel. Each such case is reviewed individually. But absent a substantial good cause showing, it will award fees when the non-moving party fails to file anything in response to a motion to compel, thus necessitating not only the moving party's time in filing the motion, but this court's time in reviewing the documents, filing an order, and resolving the issues (like this one) that arise from that order.

Accordingly,

IT IS ORDERED:

1) The defendants' request for attorney fees and costs on its motion to compel, (Filing No. 52), is granted in part.

2) The sum of $500.00 in attorney fees and costs is awarded to the defendants and against the plaintiff. The clerk shall enter this award as part of the judgment eventually entered in this case, unless at or before the time judgment is entered, the clerk is notified by the plaintiff that the award has been paid.

April 8, 2013.

             BY THE COURT:

             *s/ Cheryl R. Zwart*
             United States Magistrate Judge